IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILIP L. NEAL, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 14-39J |
| | ) | Judge Kim R. Gibson/ |
| MARIO DIRIENZO; MELISSA | ) | Magistrate Judge Maureen P. Kelly |
| TRENT; MR. FEATHERS; MS. KING; | ) | |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATION AND PAROLE, | ) | Re: ECF No. 1 |
| Defendants. | ) | |

# REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Motion for Leave to Proceed In Forma Pauperis (the "Motion"), ECF No. 1, be denied.

## II. REPORT

Philip L. Neal ("Plaintiff") is a prisoner who previously filed several lawsuits, which were dismissed for failure to state a claim upon which relief can be granted. As a consequence, he has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

In considering the pending Motion, this Court takes judicial notice of court records and dockets of the United States District Court for the Western District of Pennsylvania. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of this Court reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g),[1] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[2] Plaintiff's three strikes are as follows: 1) Philip L. Neal v. Clark, No. 11-904 (W.D. Pa. filed on 7/8/2011; ECF No. 12, opinion, filed on 12/13/2011, dismissing the complaint pursuant to the PLRA for failure to state a claim upon which relief can be granted); 2) Philip L. Neal v. Washington County Office of Public Defender, No.11-1317 (W.D. Pa. filed 10/17/2011; ECF No. 10, opinion, filed on 12/13/2011, dismissing the complaint for failure to state a claim upon which relief can be granted); and 3) Philip L. Neal v. Wills, No. 13-CV-76J (W.D. Pa., filed 4/8/2013; ECF No. 10, filed on 6/12/2013, Report and Recommendation recommending pre-service dismissal of the complaint pursuant to the PLRA for failure to state a claim, and ECF No.

---

[1] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[2] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Plaintiff asserts that he is currently confined in the Pennsylvania State Correctional Institution at Laurel Highlands. ECF No. 1-1 at 3, ¶ 3.

19, filed on 8/22/2013, Order, adopting Report and Recommendation and dismissing the complaint). Accordingly, because Plaintiff has at least three strikes, he may not proceed IFP. Furthermore, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

Plaintiff's Complaint is based upon the alleged actions of the Pennsylvania Board of Probation and Parole (the "Board") and its agents. These actions allegedly occurred between June 4, 2013, ECF No. 1-1 at 6, ¶ 16, and January 22, 2014. Id., at 10, ¶ 32. The actions were alleged to have involved the Board improperly rescinding Plaintiff's parole, and in taking Plaintiff's money in order to transfer his parole supervision from Pennsylvania to South Carolina, but in failing to effectuate such a transfer, and in retaliating against Plaintiff for filing an Administrative Appeal with the Board, and in prohibiting Plaintiff from having contact with his parents. Plaintiff alleges that his substantive due process rights were violated as were his First Amendment rights to petition the government and to free exercise of religion as well as his Fourteenth Amendment rights to equal protection.

The Complaint fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent as would be required under Section 1915(g) in order to permit a prisoner to proceed IFP even though he has three strikes.

Because Plaintiff has failed to assert any allegation that would permit him to proceed IFP, the IFP motion should be denied. If the District Court adopts this Report and Recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

### III. CONCLUSION

For the reasons set forth herein, it is recommended that the pending Motion be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

/s/Maureen P. Kelly
MAUREEN P. KELLY
U.S. MAGISTRATE JUDGE

Date: March 25, 2014

cc: The Honorable Kim R. Gibson
United States District Judge

Philip L. Neal
KL-7406
SCI Laurel Highlands
5706 Glades Pike
P.O. Box 631
Somerset, PA 15501-0631

Philip L. Neal
701 Penn Ave.
New Brighton, PA 15066